**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

| | |
|---|---|
| TECH USA, INC. and TECH USA, LLC,   ) | |
|                         ) | |
|          Plaintiff,       ) | |
|                         ) | |
|       v.                 ) | **Civil Action No. 1:12-cv-03192-CCB** |
|                         ) | |
| JASON R. BECK, CONTENDER    ) | |
| SOLUTIONS, LLC, and JASON     ) | |
| GALLAGHER,               ) | |
|                         ) | |
|          Defendants.    ) | |
| _____) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF JASON R. BECK, CONTENDER
SOLUTIONS, LLC, AND JASON GALLAGHER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT AND JURY DEMAND**

Defendants Jason R. Beck ("Beck"), Contender Solutions, LLC ("Contender") and Jason

Gallagher ("Gallagher") (collectively, "Defendants"), by and through their undersigned counsel,

for their answer to Plaintiffs' TECH USA, Inc. and TECH USA, LLC's (collectively, "TECH

USA") Second Amended Complaint ("Complaint"), state as follows:

1.  Admitted.

2.  The first through fifth sentences of paragraph 2 are admitted.  The remainder of

paragraph 2 is denied.

3.  Admitted.

4.  Admitted.

5.  Admitted that the Court has subject matter jurisdiction over this case pursuant to

28 U.S.C. § 1332.  Denied that jurisdiction and venue are proper in this judicial district for the

reasons stated in paragraph 6 of the Complaint.  The remainder of paragraph 5 is denied.

6.      [omitted from Complaint]

7.      Admitted that Beck was the President of TECH USA for a period of approximately seven years until his firing on June 11, 2012.  Denied that Beck resigned from TECH USA's employment.  Admitted that Beck has always contended that he was fired.

8.      Paragraph 8 refers to documents or writings, the contents of which speak for themselves.  Beck denies that the referenced provisions of the 2005 Employment Agreement were in effect on or after June 11, 2012.

9.      Admitted that, well after being fired from TECH USA, Beck became a member of Contender and began working on behalf of Contender.  Admitted that Contender was formed on September 7, 2012.  Denied that Beck owns 75 percent of the membership interests of Contender and that Gallagher owns the remaining 25 percent; rather, the figures are 85 percent and 15 percent, respectively.  The remainder of paragraph 9 refers to documents or writings, the contents of which speak for themselves.

10.     Admitted.

11.     The first sentence and excerpt of paragraph 11 refer to documents or writings, the contents of which speak for themselves.  The second sentence of paragraph 11 requires no response, as it constitutes a legal conclusion to which no response is required.  Admitted that Plaintiffs' claims against Beck are non-arbitrable.  The fourth sentence of paragraph 11, to the extent to which it does not merely refer to documents or writings, the contents of which speak for themselves, is denied.

12.     Admitted that on October 24, 2012, Plaintiffs filed with the American Arbitration Association claims against Beck for breaches of contract, breaches of fiduciary duty, and declaratory judgment.  The remainder of paragraph 12 requires no response, as it constitutes a

legal conclusion to which no response is required.

13.     Admitted that on October 25, 2012, Plaintiffs and Howell filed their motion to dismiss or, alternatively, to stay pending arbitration/mediation as to all of Beck's claims that he had brought in his complaint in Case No. 1:12-cv-02897.   The remainder of paragraph 13 requires no response, as it constitutes a legal conclusion to which no response is required.

14.     Admitted that at some point Jason Gallagher approached TECH USA regarding continuing to make Allen J. Yeung available as a contract employee to the customer at issue. Denied that such involved Contender acting as an "intermediate level subcontractor."  Admitted that Yeung specializes in network/IT storage engineering.   Admitted that Gallagher had all relevant communications with TECH USA regarding Yeung.  Admitted that on November 27, 2012, TECH USA filed a breach of contract action against Contender in Anne Arundel County District Court to collect $21,648 in fees.  Denied that such fees remain due and owing or that TECH USA is entitled to a judgment in that case.

15.     Admitted that, as of late September 2012, Beck was a member of Contender. Denied that Beck approached, called on, and/or solicited the customer at issue or arranged with that customer for Contender to assign engineers or other technical personnel providing on-site professional services to that customer while employed by Contender.   The third sentence of paragraph 15 is denied.  The fourth sentence of paragraph 15 refers to documents or writings, the contents of which speak for themselves.

16.     Admitted that the customer at issue has been a customer of TECH USA to which TECH USA provided services or personnel within the twelve-month period preceding June 11, 2012; otherwise denied.

17.     Denied.

18.     Admitted that, while Beck was President of Plaintiffs, he became generally familiar with the customer at issue and with Gallagher; otherwise denied.

19.     Denied.

20.     Defendants are without sufficient information or knowledge upon which to form a belief as to the truth or falsity of paragraph 20 and so deny.

21.     Admitted that TECH USA expends money, time, and resources on its salespeople, sales management team, executives, and recruiters, and trains them to research their respective territories and fields to find and acquire customers and develop customer relationships. Admitted that Plaintiffs make investments in national sales training conferences that most of its executive management team, managing directors, account executives, and recruiters attend. Admitted that obtaining a new customer can, in some instances, take from six to twenty-four months.  Defendants are without sufficient information or knowledge upon which to form a belief as to the truth or falsity of the fourth and fifth sentences of paragraph 21 and so deny. Admitted that, while President of Plaintiffs, Beck had access to detailed information regarding customer accounts and employees, including contract employees.  The sixth sentence of paragraph 21 constitutes a legal conclusion to which no response is required.

22.     Admitted, except that, to the extent paragraph 22 alleges that any of the information described constitutes "confidential information" or a "trade secret," such allegation constitutes a legal conclusion to which no response is required.

23.     Denied.

24.     Denied.

25.     Admitted that Plaintiffs have expended resources and time developing their contacts and clients; otherwise denied.  Moreover, to the extent paragraph 25 alleges that any of

the information described constitutes "confidential information" or a "trade secret," such allegation constitutes a legal conclusion to which no response is required.

26.     The first sentence of paragraph 26 is admitted, except to the extent that it alleges that any of the information described constitutes "confidential information" or a "trade secret," and so constitutes a legal conclusion to which no response is required.  The remainder of paragraph 26 constitutes legal conclusions to which no response is required.

27.     Paragraph 27 refers to documents or writings, the contents of which speak for themselves.

28.     Defendants are without sufficient information or knowledge upon which to form a belief as to the truth or falsity of paragraph 28 and so deny.

## COUNT I
### (Breach of Contract (Non-Solicitation Clause) against Beck)

29.     Paragraph 29 of the Complaint requires no response.

30.     Admitted that Plaintiffs established contractual relationships with their clients and customers, including the customer at issue.  Beck specifically objects to the characterization of this customer as "Beck's Solicited TECH USA Customer" and denies that such a characterization is appropriate.

31.     Admitted only that, over the years, Plaintiffs, in large part through Beck's efforts, developed and grew their customer relationships with numerous customers.  Admitted that the customer at issue was a customer of Plaintiffs during the term of Beck's employment.  Admitted that, at times, Plaintiffs have placed external employees with the customer at issue on a contract basis at various locations, including various technical professionals.  The remainder of paragraph 31 is denied.

32.     Admitted only that Beck was generally aware of Plaintiffs' contracts with the

customer at issue.  Admitted that Beck's primary work location was the Tampa office and that it was the personnel of the TDC Government Solutions division, working out of the Tampa office, that supported the customer at issue.  The remainder of paragraph 32 is denied.

33.     Denied.

34.     Paragraph 34 refers to documents or writings, the contents of which speak for themselves.

35.     Denied.

WHEREFORE, Beck prays for judgment in his favor on Count I and denies that Plaintiffs are entitled to the relief that they seek.

## COUNT II
### (Breach of Contract (Confidential Information) against Beck)

36.     Paragraph 36 of the Complaint requires no response.

37.     Admitted that by virtue of his work for Plaintiffs, Beck became generally familiar with the account of the customer at issue and generally familiar with Gallagher.  The second sentence of paragraph 37 requires no response, as it constitutes a legal conclusion to which no response is required.  To the extent to which a response may be deemed to be required, the second sentence of paragraph 37 is denied.  The third sentence of paragraph 37 requires no response, as it constitutes a legal conclusion to which no response is required.  To the extent to which a response may be deemed to be required, the third sentence of paragraph 37 is denied. The fourth sentence of paragraph 37 requires no response, as it constitutes a legal conclusion to which no response is required.  To the extent to which a response may be deemed to be required, the fourth sentence of paragraph 37 is denied.

38.     Paragraph 38 requires no response, at it constitutes a legal conclusion to which no response is required.  To the extent to which a response may be deemed to be required,

paragraph 38 is denied.

39.     Paragraph 39 refers to documents or writings, the contents of which speak for themselves.

40.     Denied.

WHEREFORE, Beck prays for judgment in his favor on Count II and denies that Plaintiffs are entitled to the relief that they seek.

## <u>COUNT III</u>
### (Statutory Trade Secrets Misappropriation against Beck, Contender, and Gallagher)

41.     Paragraph 41 of the Complaint requires no response.

42.     Paragraph 42 requires no response, as it constitutes a legal conclusion to which no response is required.

43.     Paragraph 43 requires no response, as it constitutes a legal conclusion to which no response is required.

44.     Paragraph 44 requires no response, as it constitutes a legal conclusion to which no response is required.  To the extent to which a response may be deemed to be required, paragraph 44 is denied.

45.     Paragraph 45 requires no response as it constitutes a legal conclusion to which no response is required.  To the extent to which a response may be deemed to be required, paragraph 45 is denied.

46.     Denied.

WHEREFORE, Defendants pray for judgment in their favor on Count III and deny that Plaintiffs are entitled to the relief that they seek.

## COUNT IV
### (Tortious Interference with Contract against Contender)

47.     Paragraph 47 of the Complaint requires no response.

48.     Admitted only that Plaintiffs generally required their employees to sign contracts as a condition of their hiring; otherwise denied.

49.     Admitted only that Contender, through Beck, had knowledge of Beck's disputes with Plaintiffs regarding the May 9, 2012 Letter Agreement and of the expired 2005 Employment Agreement and that, other than through Beck, had general knowledge that an employment agreement existed at some point between Plaintiffs and Beck and that Plaintiffs generally required its employees to sign contracts as a condition of their hiring; otherwise denied.

50.     Denied.

51.     Denied.

WHEREFORE, Contender prays for judgment in its favor on Count IV and denies that Plaintiffs are entitled to any of the relief that they seek.

## COUNT V
### (Tortious Interference with Contract against Gallagher)

52.     Paragraph 52 of the Complaint requires no response.

53.     Admitted only that Plaintiffs generally required their employees to sign contracts as a condition of their hiring; otherwise denied.

54.     Admitted only that Gallagher had general knowledge that an employment agreement had existed at some point between Plaintiffs and Beck and that Plaintiffs generally required their employees to sign contracts as a condition of their hiring; otherwise denied.

55.     Denied.

8

56.     Denied.

WHEREFORE, Gallagher prays for judgment in his favor on Count V and denies that Plaintiffs are entitled to any of the relief that they seek.

## AFFIRMATIVE DEFENSES

1.     The Second Amended Complaint fails to state a claim upon which relief can be granted, including as to the claim for misappropriation of trade secrets.

2.     This Court lacks personal jurisdiction over Contender and Gallagher.

3.     This District is an improper venue for Plaintiffs' claims.

4.     Plaintiffs' claims for breach of contract against Beck and for tortious interference against Contender and Gallagher are barred by the doctrine of duress.

5.     Plaintiffs' claims for breach of contract against Beck and for tortious interference against Contender and Gallagher are barred by the doctrine of estoppel.

6.     Plaintiffs' claims for breach of contract against Beck and for tortious interference against Contender and Gallagher are barred by a failure of consideration.

7.     Plaintiffs' claims for breach of contract against Beck and for tortious interference against Contender and Gallagher are barred by fraud.

8.     Plaintiffs' claims against Beck for breach of contract are barred by illegality.

9.     Plaintiffs' claims against Contender and Gallagher are barred by the doctrine of license.

10.    Defendant Beck had no personal involvement whatsoever in the creation of the relationship between Contender and the customer at issue (which occurred through Contender's predecessor company), nor the continued placement of the individuals at issue with the customer at issue (which employees had previously been working at said customer on behalf of

Contender's predecessor company) and, as a result, has neither breached his contract in any respect nor misappropriated any alleged trade secrets.  Further, as a result, Defendants Contender and Gallagher also did not misappropriate any trade secrets nor tortuously interfere with any alleged contract between Plaintiffs and Beck.

11.     Plaintiffs' claims for intentional interference with contract against Contender and Gallagher are barred by operation of Maryland Code, Commercial Law § 11-1207(a).

12.     Defendants are entitled to an award of their reasonable attorney's fees pursuant to Maryland Code, Commercial Law § 11-1204(1) because Plaintiffs' claim of misappropriation has been brought in bad faith.

WHEREFORE, Defendants deny any of the allegations of the Complaint not specifically admitted herein and pray that the Complaint against them be dismissed and that judgment be entered in their favor.

Defendants demand a trial by jury on all claims so triable.

                                        Respectfully submitted,

                                        SCHWARTZ & ASSOCIATES PLLC


Dated:  January 17, 2013                By: _____/s/ Eric N. Heyer_____
                                        Kip Schwartz (MD #13224)
                                        Eric N. Heyer (MD #17486)
                                        1010 Wisconsin Avenue, N.W, Suite 540
                                        Washington, DC  20007
                                        Phone:  (202) 342-0413
                                        Fax:  (202) 330-5272
                                        Kip.Schwartz@schwartzassociates-law.com
                                        Eric.Heyer@schwartzassociates-law.com

                                        *Counsel for Defendants Jason R. Beck,
                                        Contender Solutions, LLC, and Jason
                                        Gallagher*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 17th day of January, 2013, the foregoing Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint and Jury Demand was electronically filed through the Court's ECM/ECF system.

_____/s/ Eric N. Heyer_____
Eric N. Heyer
